**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-03352-RBJ

JOEL WHITMAN, individually and
on behalf of all others similarly situated,

      *Plaintiff*,

  v.

DCP MIDSTREAM, LLC,

      *Defendant*,

CYPRESS ENVIRONMENTAL MANAGEMENT-TIR, LLC,

      *Intervenor-Defendant*.

## DCP MIDSTREAM LLC'S AND CYPRESS ENVIRONMENTAL MANAGEMENT-TIR, LLC'S MOTION TO TRANSFER

DCP Midstream, LLC ("DCP") and Cypress Environmental Management-TIR, LLC ("Cypress"), through counsel, respectfully move the Court to transfer this case to the U.S. District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

**I.   INTRODUCTION**

This Court issued an order to show cause why this case should not be transferred to the Northern District of Oklahoma. (Dkt. 37.)  Following submissions, this Court withdrew that show cause order and instead invited a motion to transfer venue under 28 U.S.C. § 1404(a).  (Dkt. 49.)

DCP and Cypress now move for that transfer.  Indeed, prior to this Court's show cause order, Cypress had raised the necessity of transfer in its pending motion to compel arbitration. (Dkt 28 at 6-7.)  The forum selection clause in Plaintiff Joel Whitman's ("Whitman") Employment Agreement merely adds one more reason why this case should be transferred to the Northern

1

District of Oklahoma: not only did Whitman agree that any judicial action would only be brought in Oklahoma, but Whitman also lives in Oklahoma, Whitman's employer, Cypress, is headquartered in Oklahoma, and Whitman worked in Oklahoma during the time at issue in this lawsuit.

## II.      BACKGROUND

DCP develops midstream infrastructure for natural gas. As part of its business, DCP engages companies like Cypress to provide inspection services for its pipeline construction and improvement projects. Cypress provides third-party inspection services to its customers. (Declaration of Sharon Moyer (filed at Dkt. 28-1) at ¶ 3.)

Like a CPA firm that hires auditors to send to clients' offices, Cypress employs inspectors and sends them to its customers' worksites to ensure its customers' projects are built in accordance with applicable standards and regulatory requirements:

> The Inspector acts as the Owner Company's authorized representative for non-financial matters, continuously observes the Contractor's progress and monitors all activities in their assigned areas in accordance with codes and standards; regulatory requirements; Owner Company safety and environmental requirements, drawings, plans, and specifications; as well as the terms of the construction contract or agreement. The Inspector may also be asked to assist other specialized Inspectors (e.g., Welding Inspector), as directed.

CEPA Foundation and The INGAA Foundation, A Practical Guide for Pipeline Construction Inspectors 11 (Mar. 2016), https://www.cepa.com/wp-content/uploads/2016/11/A-Practical-Guide-for-Pipeline-Construction-Inspectors-16Mar2016-FIN...1.pdf

DCP is one of Cypress's customers. (Moyer Declaration at ¶ 5.)

Cypress employed Whitman as an inspector and assigned him to conduct inspections on DCP's pipelines. (Moyer Declaration at ¶¶ 6-7.)  Whitman's instant lawsuit raises claims under

2

the Fair Labor Standards Act ("FLSA") for the time that he was employed by Cypress and assigned to its work with DCP; for that reason, Cypress moved for and was granted status as an intervenor in this case. (Dkts. 23, 25.)

As Whitman's employer, Cypress determined and paid Whitman the compensation that is subject of his FLSA claim. (Moyer Declaration at ¶¶ 14-18.)   Cypress determined that Whitman qualified as exempt from overtime under the FLSA and paid him a salary compliant with the requirements for that exempt status. (Moyer Declaration at ¶¶ 14, 16.)

Whitman signed numerous documents confirming Cypress' status as his employer. (*See* Moyer Declaration at ¶ 13.)   One of these documents was an Employment Agreement, which sets forth various terms and conditions of employment. (Dkt. 28-2.)   That Employment Agreement includes both a commitment to arbitrate and a forum selection clause.

> Arbitrations will be scheduled to be held in Tulsa, Oklahoma, unless the arbitrator exercises discretion under the AAA rules to choose a different location.  **Likewise, any judicial action (e.g., claims for injunctive relief, to compel arbitration, or to enforce the arbitration award) arising out of Employee's employment . . . will be brought and maintained exclusively in federal or state court in Tulsa, Oklahoma**; both Employee and Employer consent to personal jurisdiction there; agree to accept mail service for such actions in those courts; and **waive any objection to venue there.**

(Dkt. 28-2 at 3; emphasis added.)

### III.   APPLICABLE LAW

28 U.S.C. § 1404(a) contemplates transfer when a case has been filed in a district or division other than the one "to which all parties have consented." 28 U.S.C. § 1404(a).  Section 1404(a) requires that a forum-selection clause be "given controlling weight in all but the most exceptional cases," and "[t]he plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine Const. Co. v. United States District*

*Court for Western District of Texas,* 571 U.S. 49, 59-60, 63  (2013).  When agreeing to a forum-selection clause, parties "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64. "As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

## IV. ANALYSIS

This case should be transferred to the U.S. District Court for the Northern District of Oklahoma under 28 U.S.C. § 1404(a) because it is the district court which Whitman and Cypress selected as the exclusive venue for their disputes.  Specifically, Whitman and Cypress agreed that:

> . . . **any judicial action** (e.g., claims for injunctive relief, to compel arbitration, or to enforce the arbitration award) arising out of Employee's employment . . . **will be brought and maintained exclusively in federal or state court in Tulsa, Oklahoma**; both Employee and Employer consent to personal jurisdiction there; agree to accept mail service for such actions in those courts; and waive any objection to venue there.

(Dkt. 28-2 at 3; emphasis added.)

The forum-selection clause must be "given controlling weight" and the case should be transferred. *Atl. Marine Const. Co.,* 571 U.S. at 59-60.  Whitman cannot carry his burden to establish that transfer to the Northern District of Oklahoma is unwarranted. Not only is Cypress located in Oklahoma, but Whitman lives in Oklahoma as well. (*See* Dkt. 28-10, identifying Whitman's address.)   Whitman's inspection of DCP's projects -- the work for which he now seeks overtime under the FLSA -- included work in Oklahoma. (*See* Dkt. 28-9 at 2, identifying Oklahoma

as a work location.)  Furthermore, as explained above, Whitman and Cypress agreed that any judicial action would be brought and maintained exclusively in Oklahoma.  Accordingly, the U.S. District Court for the Northern District of Oklahoma is a fair forum for this litigation and the forum-selection clause should be enforced. (*See* Dkt. 47.)   There are no extraordinary circumstances mitigating against a transfer.

As delineated in Cypress's motion to compel arbitration, public policy -- as set out in the Federal Arbitration Act -- also weighs in favor of transfer because any decision concerning whether Whitman is obliged to arbitrate his FLSA claims needs to be made in the Northern District of Oklahoma: the agreed-upon situs of the arbitration. (Dkt 28 at 6-7).  Whitman and Cypress agreed to mandatory arbitration in Tulsa, Oklahoma, and DCP is a third-party beneficiary to that mandatory arbitration provision:

> Under this Employment Agreement, arbitration will be required for all "covered claims" which will consist of all claims that have arisen or will arise out of Employee's employment with or termination from Employer regardless of whether those are claims under common law or under statutory law. **Arbitration for "covered claims" will be required of Employee's covered claims even in circumstances where a nonsignatory to this Employment Agreement (such as an individual manager or the customer on whose project Employee is assigned) is named as a defendant along with or instead of Employer.**

(Dkt. 28-2 at 2; emphasis added.)

The Federal Arbitration Act ("FAA") requires the district court sitting in the arbitral forum to make the decision whether to compel arbitration in that district. 9 U.S.C. § 4.  Because the employment agreement mandates that arbitration "will be scheduled to be held in Tulsa, Oklahoma," the case needs to be transferred to the U.S. District Court for the Northern District of Oklahoma so that court may properly compel arbitration in Tulsa and effectuate the parties'

5

agreement. (Dkt. 28-2 at 3.) Accordingly, public policy weighs in favor of transferring the case to the Northern District of Oklahoma, and transferring the case is procedurally appropriate to effectuate the parties' intent to arbitrate.

## V. CONCLUSION

28 U.S.C. § 1404(a) contemplates transfer when a case has been filed in a district or division other than the one "to which all parties have consented" and requires that a forum-selection clause be "given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co.,* 571 U.S. at 59-60. This case does not present an exception to the rule. Whitman agreed that federal or state court in Tulsa, Oklahoma is the <u>exclusive</u> forum for any judicial action regarding his employment (and this suit under the FLSA is just such an action), and the forum selection clause should be enforced. Whitman also agreed to "waive any objection" to the requirement that any judicial action arising from his employment be in the Northern District of Oklahoma. (Dkt. 28-2 at 3.) His first promise requires transfer; his second promise bars objections to enforcing the first promise.

Wherefore, DCP and Cypress respectfully request the Court transfer this case to the U.S. District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

DM_US 186063641-3.106804.0032

Dated: January 26, 2022                                        Respectfully submitted,


| /s/ Donald L. Samuels | s/ Barrick Bollman |
|---|---|
| Donald L. Samuels | Jennifer L. Gokenbach |
| Colin C. Deihl | The Workplace Counsel |
| Matthew Kapsak | 1401 Lawrence Street, Suite 1600 |
| Polsinelli PC | Denver, Colorado 80202 |
| 1400 Lawrence Street, Suite 2300 | Tel: (303) 625-6400 |
| Denver, CO 80202 | Fax: (303) 990-8131 |
| Tel: (303) 572-9300 | jennifer@theworkplacecounsel.com |
| dsamuels@polsinelli.com | |
| cdehl@polsinelli.com | |
| mkapsak@polsinelli.com | |
| | |
| Jason N.W. Plowman | Barrick Bollman |
| Polsinelli PC | McDermott Will & Emery LLP |
| 900 W. 48th Place, Ste. 900 | 444 West Lake Street |
| Kansas City, MO 64112 | Chicago, Illinois 60606 |
| jplowman@polsinelli.com | (312) 372-2000 (phone) |
| | (312) 884-7700 (fax) |
| | bollman@mwe.com |
| | |
| *Attorneys for Defendant DCP Midstream LLC* | *Attorneys for Intervenor Cypress Environmental Management – TIR, LLC* |


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of January, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the applicable ECF registrants.

                                                        *s/ Barrick Bollman*