IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:20-cv-03352-RBJ

JOEL WHITMAN, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

DCP MIDSTREAM, LLC,

    Defendant,

CYPRESS ENVIRONMENTAL MANAGEMENT-TIR, LLC,

    Intervenor-Defendant.

## ORDER TRANSFERRING CASE

This case is before the Court on defendant's and intervenor-defendant's motions to transfer the case to the United States District Court for the Northern District of Oklahoma. For the reasons set forth in this order, the motions are granted.

### BACKGROUND

Joel Whitman alleges that he was employed by DCP Midstream, LLC, a Colorado-based natural gas company, as a pipeline inspector. He brought this suit under the Fair Labor Standards Act, claiming that DCP did not pay him and other similarly situated inspectors overtime hours as required by the Act. ECF No. 1. DCP denies that it was plaintiff's employer. Rather, plaintiff was employed by a third-party inspection company with which he had a written employment contract that contained an arbitration provision. ECF No. 19 at 4.

1

DCP moved to compel arbitration and for a stay pending arbitration. ECF Nos. 20 and 21. In support it submitted the Declaration of Sharon Moyer, Vice President and Chief Human Resources Officer of Cypress Environmental Partners, LP. ECF No. 20-2. She states that an affiliate based in Tulsa, Oklahoma — Cypress Energy Management - TIR, LLC ("Cypress") — contracted with DCP to provide inspection services. Plaintiff was employed by Cypress at various times during 2017 through 2019 and was assigned to Cypress's customer, DCP. Cypress determined Mr. Whitman's salary and purportedly did so in compliance with FLSA requirements. *Id.* at 3-4.

Mr. Whitman signed an employment agreement with Cypress on November 18, 2019. *Id.* at 3. The agreement, ECF No. 20-3, provides that all claims arising out of Mr. Whitman's employment will be submitted to arbitration. This includes claims where a nonsignatory such as a customer on whose project the employee is assigned is named as a defendant along with or instead of Cypress. Each arbitration is limited to a single employee; there will be no class or collective actions. The Federal Arbitration Act applies. Arbitration will be conducted in accordance with the rules of the American Arbitration Association ("AAA") and will be held in Tulsa, Oklahoma, unless the arbitrator exercises his or her discretion under the AAA's rules to choose a different location. Judicial actions, including to compel arbitration or to enforce an arbitration award, shall be brought exclusively in a federal or state court in Tulsa, Oklahoma. *Id.* at ¶4.

Shortly after DCP filed is motions, the parties stipulated to intervention by Cypress because of Cypress's interest in enforcing its arbitration agreement and DCP's demand for indemnity from Cypress. ECF Nos. 23 (stipulation) and 25 (minute order granting Cypress leave

to intervene). The Court granted DCP's motion for a stay. ECF No. 26. Cypress filed a motion to compel arbitration. ECF No. 28. In the motion Cypress noted that the Federal Arbitration Act directs that only the district court for the selected arbitration forum should decide whether to compel or excuse arbitration, citing 9 U.S.C. § 4 and *Ansari v. Quest Communications Corp.,* 414 F.3d 1214, 1219-20 (10th Cir. 2005) ("[A] district court lacks authority to compel arbitration in other districts, or in its own district if another has been specified for arbitration."). *Id.* at 3, 6–7. Therefore, Cypress argued, transfer to the Northern District of Oklahoma is required in this case. *Id.*

Because neither DCP nor Cypress had formally moved to transfer the case, the Court *sua sponte* issued an order to show cause as to why the case should not be dismissed without prejudice or transferred pursuant to 28 U.S.C. § 1406. The parties correctly responded that § 1406 would not apply because, regardless of the forum selection clause, venue in this district is proper under 28 U.S.C. § 1391(b)(1) because defendant maintains its corporate headquarters ("resides") in Colorado. *See* ECF Nos. 46-48. I discharged the order to show cause. ECF No. 49. DCP and Cypress then jointly moved to transfer the case pursuant to 28 U.S.C. § 1404 (transfer for the convenience of the parties and witnesses and the interest of justice). ECF No. 50. The motion has been fully briefed. *See* ECF Nos. 51 and 52.

## ANALYSIS

The movants note, and it is not disputed, that the plaintiff lives in Oklahoma; the contracting party, Cypress, is located in Oklahoma; and Mr. Whitman's work inspecting DCP's pipeline projects included work performed in Oklahoma. That perhaps gives a small edge to

Oklahoma in terms of the convenience of the parties and witnesses, but not enough of an edge to cause me to overcome the plaintiff's choice of the forum in which to litigate his case.

However, two other factors tip the scale in defendants' favor. The first such factor is the forum selection clause in the employment agreement. Even more important, however, is the fact that this Court cannot compel arbitration in Oklahoma (or Colorado) per section 4 of the Federal Arbitration Act. 9 U.S.C. § 4. *See Ansari,* 414 F.3d at 1219-20. Only an Oklahoma court can do so. That is not to say that the arbitration clause is or is not enforceable —I do not reach or decide this merits question. It is only to say that defendants deserve to have the issue heard and decided. Plaintiff's choice of forum has the effect of preventing DCP and Cypress from having the issue decided. Whether that was plaintiff's intent is known only to plaintiff and his counsel. Regardless, I conclude that the result does not promote the interest of justice.

Plaintiff argues that DCP and Cypress waived their right to challenge venue by asking this Court to decide the issue of arbitration without objecting to venue or requesting a transfer. ECF No. 51 at 1. Only DCP took that position. Whether DCP's motion asking the Court to compel arbitration could be interpreted as an implied waiver, notwithstanding its attaching Ms. Moyer's declaration and the employment agreement, is another issue I need not reach or decide. Cypress did not waive anything. Its motion to compel arbitration expressly invoked the forum selection clauses in the employment contract and urged the Court to transfer the case to the Northern District of Oklahoma. ECF No. 28 at 3, 6-7.

Plaintiff's principal argument is that the Federal Arbitration Act prohibits arbitration of the type of disputes he raises in this case. ECF No. 29 at 1, 4-15. But that is the merits of the

4

issue, not the location where the merits should be addressed. Plaintiff does not address the several factors that I have found support a transfer under 28 U.S.C. § 1404.

Frankly, I regret this decision because I am aware that the district to which I am transferring this case has a huge backlog of civil cases due to "McGirt fallout" and unfilled vacancies on the bench, and that it has reached out to other courts for any assistance they can provide. I would gladly accept the transfer of another case or cases back to me in exchange. But the pending motion to transfer has merit.

## ORDER

DCP's and Cypress's joint motion to transfer the case to the United States District Court for the Northern District of Oklahoma is GRANTED. The Clerk will take the appropriate steps to implement the transfer.

DATED this 7th day of March, 2022.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge